UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BABLIN YOU,

                       Petitioner,

-against-

K. NOETH, Superintendent of Attica C.F.,

                       Respondent.

19-CV-0350 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated February 26, 2019, the Court directed Plaintiff to show cause within sixty days why this *habeas corpus* petition, brought under 28 U.S.C. § 2254, should not be dismissed as time-barred. On April 10, 2019, the Clerk of Court received from Petitioner a new petition for a writ of *habeas corpus*, challenging the same conviction. *See You v. Noeth*, No. 19-CV-3220 (CM) (S.D.N.Y. Apr. 17, 2019). On April 17, 2019, the Court directed the Clerk of Court to file this new petition as an amended petition in this case. *Id.* (ECF No. 3). The Court also directed the Clerk of Court to administratively close the 19-CV-3220 matter. (*Id.*)

The Court has reviewed the amended petition and concluded that the petition is untimely. The Court therefore dismisses the amended petition with prejudice.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir.

2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**DISCUSSION**

Familiarity with the background of this case is assumed. The Court refers only to those facts relevant to this order.

On August 17, 2000, Petitioner's conviction become final, leaving him with one year to file his petition for a writ of *habeas corpus*. On December 10, 2018, more than 18 years after the judgment of conviction became final, he filed his petition. In the original submission, Petitioner indicated that on November 29, 2017, he filed a writ of *error coram nobis*. In the February 26, 2019 order, the Court informed Petitioner that this postconviction motion did not toll the statute of limitation period under 28 U.S.C. § 2244(d)(2). The Court also informed Petitioner that to proceed with this action, he either needed to show that he had filed other motions that tolled the limitation period for the past 18 years, or that some extraordinary circumstances prevented him from filing despite his efforts to do so.

In the amended petition, Petitioner states that he did file three additional motions:

1. On January 2, 2001, Petitioner filed a motion to vacate his judgment under N.Y. Crim. Proc. L. § 440.10, in New York Supreme Court, New York County ("trial court"), which the trial court denied; on September 20, 2001, the Appellate Division, First Department denied his application seeking leave to appeal.

2. Eight years later, on January 1, 2009, Petitioner filed a motion seeking DNA and fingerprint testing. On March 24, 2009, the trial court denied that motion, and on July 21, 2009, the Appellate Division denied leave to appeal.

2

3. On June 11, 2012, Petitioner filed a motion seeking grand jury testimony. On July 30, 2012, the trial court denied that motion, and on February 7, 2013, the Appellate Division denied leave to appeal.

(Am. Pet. at 19-20.)

Despite these motions, the petition is still untimely. The only motion that did toll the limitation period, the § 440.10 motion, only did so for approximately eight months. But after Petitoiner received the Appellate Division's September 20, 2001 decision, he did not file any additional motions until January 1, 2009. By the time Petitioner filed the other two motions, the statute of limitations had expired and they could no longer toll the limitation period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

Because Petitioner does not allege any facts in his amended petition showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), the Court dismisses the amended petition as time-barred.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to the Petitioner and note service on the docket.

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied with prejudice as time-barred. *See* 28 U.S.C. § 2244(d)(1).

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 3, 2019
       New York, New York

                                           COLLEEN McMAHON
                                      Chief United States District Judge